## AN UNCONSTITUTIONAL PROVISION RELATING TO EVIDENCE.

Common Pleas Court of Hamilton County.

HENRY WILLIAMS v. INDUSTRIAL COMMISSION OF OHIO.

Decided July 3, 1923.

*Constitutional Law—Workmen's Compensation Act—Invalid Limitation as to Evidence which may be Offered on Appeal.*

General Code, Section 1465-90 (109 O. L. 296), so far as it provides that upon a trial to the court or jury of the appeal of a claimant from the final order of the Industrial Commission, denying his claim for compensation for injuries sustained in the course of his employment, that the right of the claimant shall be determined "upon the evidence contained in such record (transcript of the record before the commission) and no other evidence," is not enforcible or binding upon the courts.

*H. P. Karch,* for plaintiff.

*C. S. Bell* and *Louis J. Schneider,* for defendant.

DARBY, J.

This action is denominated an "appeal" from the final action of the commission denying the right of the plaintiff to participate in the state insurance fund, on the ground that the injury to the plaintiff did not arise in the course of his employment. The so-called "appeal" was properly effected, and an answer filed admitting the filing of the claim for compensation by reason of injuries, and that the claim was rejected by the defendant for the reason set forth.

After the jury was sworn, counsel for the complainant called the attention of the court to General Code Section 1465-90, amended 109 O. L., 296, and inquired as to whether plaintiff would be allowed to introduce evidence on the trial other than the evidence contained in the record of the proceeding before the said commission.

The section referred to provides that the decision of the commission shall be final, but that in cases where the claim is entirely denied, the claimant within thirty days after notice of the final action "may by filing his appeal in the common pleas court of the county wherein the injury was inflicted * * * be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it."

It is further provided as to the proceedings, that—

"Within thirty days after filing his appeal, the appellant shall file a petition in the ordinary form against such commission as defendant, and further pleadings shall be had in said cause according to the rules of civil procedure. *The said Industrial Commission of Ohio shall certify with its answer a transcript of its record relating to the matter in which the appeal is taken, and the court, or the jury under the instruction of the court, if a jury is demanded, shall determine the right of the claimant upon the evidence contained in such record and no other evidence, and if they determine the right in his favor, shall fix his compensation within the limits under the rules prescribed in this act.*"

The answer did not conform to this section, in that there was not filed as part of the answer, a transcript of the record relating to the claim.

Counsel for the industrial commission presented to the court the record of the commisson in the case, which, aside from the claim of the plaintiff, sworn to (as the court recalls) does not contain any statement which could be considered evidence in any sense, as to the cause of the injury complained of.

The question presented was as to the legality of that clause of the section providing that *"the court or the jury * * * if a jury is demanded, shall determine the right of the claimant upon the evidence contained in said record, and no other evidence."*

To put the question another way: Has the Legislature authority to confer jurisdiction upon the courts to determine the rights of the parties in such cases, and deny to those parties the right to prove their cases?

It will be observed that the statute in question provides that the party making his appeal is "entitled to a trial in the ordinary way, and shall be entitled to a jury if he demands it." Is that clause of the section consistent with the subsequent clause, that the trial shall proceed upon the evidence contained in the Industrial Commission's record "and no other evidence?"

Trial by jury, as that term is used in the Constitution, is so well understood as to require no discussion. Trial in the ordinary way by a jury conveys but one thought, and that is that the litigants shall have a right to present their cases under the ordinary rules of evidence, as they have been long established.

The commission is required by statute to disregard technical-

ities in evidence and procedure and to give liberal construction to the law. G. C. 1465-91; see *Roma* vs. *Industrial Commission*, 97 O. S., 247, 253.

Generally speaking it is likely that in many cases all the evidence available to the parties is presented to the commission, but it is just as likely that other valuable or newly discovered evidence may be available after its final order. Should such evidence be entirely excluded from the consideration of the jury merely because it was not available, or not presented to the commission, or is omitted from its record?

The particular facts of this case disclose the vice in this law, for though there were a number of witnesses to the alleged injury to the claimant, none of them evidently gave testimony before the commission, as no evidence given by any of them is contained within the report.

Again, this record contains the opinions and conclusions of various representatives of the commission, and it would be anything but "a trial in the ordinary way" to bind a claimant solely by the opinions and conclusions of persons whom he does not know, has had no opportunity to cross-examine, and as to whom he would have no opportunity of impeachment.

The action of the commission in disregarding the section referred to in the preparation of its answer indicates its opinion concerning the validity of the law.

The court declined to follow this statute, and accorded to the plaintiff the privilege of calling his witnesses to prove his case before the jury.

The lack of consistency in the law providing for a trial in the ordinary way by jury, and denying the right to introduce evidence by the claimant would be sufficient to denounce this act as at least unenforcible and not binding on the courts.

The Legislature may not by the same act give the court power and take it away; neither may it confer a right to a jury trial upon the claimant, and in the next clause of the act destroy the right.

It is the opinion of the court, therefore, that the section referred to, so far as it seeks to deny to the claimant his right to present evidence and have an ordinary trial before a jury, must be disregarded by the courts.